Benjamin WEHLING and Jean Wehling,
Appellants, (Plaintiffs Below)

v.

CITIZENS NATIONAL BANK and
Marvin Foland and David Bates,
Appellees.   (Defendants Below)

No. 27S02–9202–CV–110.

Supreme Court of Indiana.

Feb. 14, 1992.

Roger L. Pardieck, Bruce A. MacTavish, Pardieck, Gill & Vargo, Seymour, Patrick S. McSoley, Steele, Steele & Steele, Bedford, for appellants.

John W. Campbell, Marion, for appellees.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Plaintiffs–Appellants, Benjamin and Jean Wehling, seek transfer from the Court of Appeals' affirmance, in a memorandum decision, of the trial court's entry of summary judgment against them in favor of

Defendants–Appellees, Citizens National Bank, Marvin Foland, and David Bates (collectively "the Bank") 567 N.E.2d 181. The trial court determined that the Bank had breached no duty to the Wehlings, but the Court of Appeals affirmed the summary judgment on a different ground, viz., that the statute of limitations had run on the Wehlings' claim. We disagree with the ruling of the trial court and the decision of the Court of Appeals and, therefore, grant transfer.

The facts necessary to a discussion of applicable law follow. On June 11, 1981, the Wehlings purchased a parcel of property in Upland, Indiana. They financed their purchase through the United Bank of Upland, the Bank's predecessor in interest. Prior to closing, the Wehlings paid a fee of $10.70 to the Bank in order to have the Bank record the deed to the property. The Bank did record the deed on June 17, 1981, but allegedly was negligent in failing to place the Wehlings' mailing address in the transfer books. Instead, the Bank listed the address of the subject property in the transfer books.

On May 10, 1982, the Wehlings paid the May installment of the 1981 real estate taxes for the property in question as well as for several of the other properties in Grant County that the Wehlings owned. After this payment, the real estate taxes fell delinquent. A notice of this delinquency was mailed by the Grant County Auditor to the address of the property at issue, as well as to the address of the former owners of the property. The Wehlings did not receive this notice. In July 1984, a notice of tax sale was mailed by the auditor both to the address of the property at issue and to the address of the former owners. Again, the Wehlings did not receive this notice. Ultimately, the property was purchased at a tax sale on August 13, 1984, and a deed for the property was executed by the county auditor on October 28, 1986. There is no contention by the parties that the Wehlings were, in fact, aware of the purchase of the property at the tax sale or the deeding of the property by the county

auditor until 1987 when the Wehlings attempted to sell the property.

On October 16, 1987, the Wehlings filed a complaint against the tax sale purchaser in an attempt to quiet title and to set aside the tax deed. The Bank was added in an amended complaint which claimed that it was liable to the plaintiffs for negligently recording the deed and for failing to escrow and pay the real estate taxes. The tax sale purchaser and the Bank defendants filed separate motions for summary judgment which the trial court granted. It is the entry of summary judgment against the Bank, and not against the tax sale purchaser, that is at issue.

The trial court determined that the Bank owed no duty to the Wehlings. The Court of Appeals affirmed the entry of summary judgment without a discussion of whether the Bank owed a duty to the Wehlings because the Wehlings' action was barred by the applicable statute of limitations.

## I. *Duty*

■ The trial court based its entry of summary judgment in favor of the Bank on the holding that the Bank had no duty to provide the county auditor with the Wehlings' correct address. Citing *Holland v. King* (1986), Ind.App., 500 N.E.2d 1229, and *Clark v. Jones* (1988), Ind.App., 519 N.E.2d 158, the trial court held that the duty to provide the county auditor with correct and proper mailing addresses rested solely on the landowner and not on the Bank. We conclude that these cases are inapplicable to the Wehlings' claim.

Although both cases hold that the property owner is responsible for providing proper information to the auditor, neither is factually analogous to this case. *Holland* examined whether the sending of tax notices by certified mail to the owner's last known address constituted notice sufficient to satisfy constitutional requirements of due process as well as statutory criteria. The Court of Appeals held that notice was sufficient because "the burden of notifying the county taxing authority of the taxpayer's correct address [is] upon the taxpayer." *Holland* at 1237. This point of law was restated in *Clark*, a case involving a

property owner who was aware that various notices sent by the auditor were misaddressed, but failed to notify the auditor of the mistake.

Here, the Wehlings proffered evidence that the Bank had contracted to perform the filings necessary to perfect the deed in exchange for a fee. The Bank, through its contractual agreement, assumed the performance of what would otherwise be a duty of the property owner, viz. providing the correct address for mailing purposes. An affidavit of an expert familiar with recording procedure in the county was entered into the record of this case. In that affidavit, the expert opined that one of the requirements of properly recording a deed is to provide correct mailing addresses in the transfer book. Therefore, the facts in this record suggest that the Bank performed its contractually-incurred duty of recording the deed in a negligent manner. A reasonable trier of fact could conclude that the Bank contractually agreed to perform a duty and that it, therefore, breached that duty by failing to properly provide the Wehlings' mailing address in the transfer book at the time the deed was recorded. Further, a factfinder could conclude that this breach of duty proximately resulted in damage to the Wehlings.

■ Additionally, the question of whether the Bank was negligent in failing to escrow money for payment of real estate taxes remains viable. The Bank offered evidence that it was not Bank policy to escrow monies for tax and insurance purposes, but, as the Wehlings contend, language contained in the mortgage agreement specifically provides for such an escrow arrangement. A genuine issue of fact has been raised both as to the Bank's failure to properly record the deed and its failure to escrow money for payment of the real estate taxes. These factual issues preclude the entry of summary judgment.

## II. *Statute of Limitations*

■ The Court of Appeals did not reach the "duty" question discussed above but, instead, held that the Wehlings' claim was barred by the applicable statute of limitations, *Ind. Code* § 34–1–2–2(1) (West 1988), because more than six years had elapsed between the June 17, 1981, recording of the deed and the October 16, 1987, filing of the complaint. The Wehlings urged the Court of Appeals to consider this Court's holdings in *Barnes v. A.H. Robins Co., Inc.* (1985), Ind., 476 N.E.2d 84, and *Burks v. Rushmore* (1989), Ind., 534 N.E.2d 1101, and thereby apply a "discovery rule" to determine when their cause of action accrued. The Court of Appeals rejected this request by stating that neither of these cases was applicable to the fact situation presented. We disagree. Although it is true that *Barnes* involved a question of the accrual date of a claim of disease from toxic exposure and that *Burks* involved the accrual date of a claim for defamation, the reasoning inherent in both decisions logically applies to all tort claims.

The opinion in *Barnes* resulted from a certified question from the 7th Circuit Court of Appeals. The opinion specifically limited the holding to answering that certified question. The discussion contained in the *Barnes* opinion, however, focuses on the perceived differences between the "discovery rule" adopted by many jurisdictions [1] and the Indiana rule that a cause of action accrues, and thus the statute of limitations begins to run, when the resultant damage of a negligent act is "susceptible of ascertainment." *Montgomery v. Crum* (1928), 199 Ind. 660, 679, 161 N.E. 251, 259. In *Burks*, this Court held that one allegedly unaware that he had been defamed could not be deprived of his claim for defamation because more than two years had passed since the publication of the defaming statement. In so holding, this Court reviewed the cases involving the accrual of tort claims from *City of North Vernon v. Voegler* (1885), 103 Ind. 314, 2 N.E. 821, through *Board of Commissioners of Wabash County v. Pearson* (1889), 120 Ind. 426, 22 N.E. 134, *Montgomery v. Crum, supra,* and *Barnes.* The specific conclusion reached in *Burks* was that the statute of limitations in a tort action commenced to

---

1. The opinion lists 14 jurisdictions that have adopted such a rule.

run when "resultant damage was ascertained or ascertainable by due diligence."

We believe that the so-called "discovery rule" does not significantly differ from the "ascertainment" rule announced in the above-cited Indiana cases. In fact, Webster's dictionary lists "discover" as a synonym for "ascertain". *Webster's Third New International Dictionary* 126 (1976). We now complete the merging of the "discovery" and "ascertainment" rules. We hold that the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. Here, the Wehlings contend that they were unaware and, in the exercise of ordinary diligence, could not have been aware of the Bank's negligence until 1987 when they attempted to sell the property and learned that it had already been sold. Whether this contention is correct is a question of fact for the factfinder to answer. Therefore, summary judgment premised on the running of the statute of limitations is inappropriate.

In view of our holdings, we hereby grant transfer, vacate the opinion of the Court of Appeals, and remand this case to the trial court.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., not participating.