FOR PUBLICATION

ATTORNEYS FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

JOHN C. TRIMBLE
 
F. KRISTEN KOEPCKE

RICHARD K. SHOULTZ 
Greeman, Kellerman & Koepcke

Lewis & Wagner Batesville, Indiana

Indianapolis, Indiana Attorney for Appellees Kelly Cummins 

Attorneys for Appellant Richards-   and Lisa Cummins

Wilcox, Inc. A Division of White 

Consolidated Industries 
M. Michael Stephenson

McNeely, Stephenson, Thopy & Harrold

Shelbyville, Indiana

Attorney for Appellee, Custom    Coveyor, Inc. and Commercial Fab

   and Erectors, Inc.

IN THE

COURT OF APPEALS OF INDIANA

RICHARDS-WILCOX, INC., A DIVISION OF )

WHITE CONSOLIDATED INDUSTRIES, INC. )

)

Appellant, )

)

vs. ) No.  69A01-9709-CV-285

)

KELLY CUMMINS and LISA CUMMINS, )

CUSTOM CONVEYOR, INC., COMMERCIAL )

FAB and ERECTORS, INC., )

)

Appellees. )

APPEAL FROM THE RIPLEY CIRCUIT COURT

The Honorable Carl Taul, Judge

Cause No.  69C01-9603-CP-044

October 15, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

Kelly and Lisa Cummins (referred to collectively as "the Cummins") filed a complaint against Richards-Wilcox, Inc. ("Wilcox") for personal injuries.  Wilcox responded by filing a Motion for Judgment on the Pleadings contending the complaint was filed outside of the applicable statute of limitations.  The trial court denied the motion.  Wilcox appeals contending the trial court erred in so doing.  We affirm.

Kelly Cummins was an employee of Hillenbrand Industries.  Hillenbrand manufactures hospital beds which are transported throughout the Hillenbrand plant by way of an overhead trolley system.  On April 25, 1994, Kelly sustained personal injuries while attempting to pull empty trolleys along the system.  The system was installed by Commercial Fab and Erectors, Inc.  On March 28, 1996, Kelly filed suit against Commercial Fab and Erectors, Inc. and Custom Conveyor, Inc.
(footnote: 1)  His wife Lisa joined the complaint on a loss of consortium claim.  During subsequent discovery the Cummins learned that Wilcox manufactured the trolley system.  Thereafter on October 22, 1996, the Cummins filed an amended complaint naming Wilcox as an additional party defendant.  The complaint asserted claims based on products liability, negligence, and breach of implied warranties.  In addition to its answer, Wilcox filed a Motion for Judgment on the Pleadings contending the Cummins' complaint, filed nearly two years and six months after the Cummins' alleged injury, was barred by the statute of limitations.  After a hearing the trial court denied the motion.  This interlocutory appeal followed.    

Wilcox complains the trial court erred in denying its motion for judgment on the pleadings because the Cummins' complaint was filed outside the two year limitation period applicable to personal injury actions.
(footnote: 2)  The Cummins counter they did not learn that Wilcox was a potential additional party until after receiving answers to interrogatories from co-defendant Custom Conveyor, Inc.  According to the Cummins, they immediately sought leave of court to amend their complaint to include Wilcox as a party defendant, which the trial court granted.  Citing 
Wehling v. Citizens Nat. Bank
, 586 N.E.2d 840 (Ind. 1992), the Cummins argue their cause of action accrued when they knew or in the exercise of due diligence could have discovered that their injuries were sustained as a result of Wilcox's conduct.

We first observe that 
Wehling
 is not applicable here.  In that case the Wehlings purchased a home in 1981 which was financed through the predecessor of the Citizens National Bank.  Although the bank recorded the deed, it listed the wrong address.  Through a series of errors the Wehlings' home ultimately was sold at a county tax sale.  In 1987 the Wehlings filed suit against the tax sale purchaser to quiet title.  They also sued the Bank on a claim that it negligently recorded the Wehlings' deed and failed to pay real estate taxes.  In response the bank filed a motion for summary judgment which the trial court granted.  On appeal this court affirmed on grounds that the Wehlings' action was barred by a two year  statute of limitations.  Contending that they were unaware and in the exercise of ordinary diligence could not have been aware of the bank's negligence until 1987 when they attempted to sell their property and learned that it had already been sold, the Wehlings sought transfer which was granted.  Our supreme court remanded the case to the trial court holding: 

[T]he cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.

 
Id.
 at 843.  Unlike the knowledge of the appellants in 
Wehling
, here the Cummins knew on April 25, 1994, that their injury was the "result of the tortious act of another."  
Id.
  That they  did not determine until over two years later the actual identity of the party causing the injury did not suspend the running of the statute of limitations.  
See
 
State v. Guziar
, 680 N.E.2d 553 (Ind. Ct. App. 1997) (amended complaint adding State as defendant in parent's action for wrongful death was untimely, as it was filed outside the applicable limitations period); 
Berns Const. Co. v. Miller
, 491 N.E.2d 565 (Ind. Ct. App. 1986) (addition of new party by amendment must occur prior to running of the statute of limitations); 
Gibson v. Miami Valley Milk Producers, Inc.
, 157 Ind. App. 218, 299 N.E.2d 631 (1973) (doctrine of relation back does not permit addition of entirely new party after running of statute of limitations). 

Further, even assuming that the holding in 
Wehling
 is applicable here, the facts are distinguishable.  As we discuss in more detail below, the focus of a motion for judgment on the pleadings is the face of the pleadings themselves.  When a complaint shows on its face that it has been filed after the running of the applicable statute of limitations, judgment on the pleadings under Ind. Trial Rule 12(C) is appropriate.  
See
 
Monsanto Co. v. Miller
, 455 N.E.2d 392 (Ind. Ct. App. 1983) (discussing similar rule under Ind. Trial Rule 12(B)(6)). Here the Cummins assert they did not know and with the exercise of due diligence could not have known their injury was the result of Wilcox's negligence until after receiving discovery from a co-defendant.  However the assertion was not made in the pleadings.  Rather the assertion was made in the Cummins' memorandum in opposition to Wilcox's motion for judgment on the pleadings.  Also the Cummins made the assertion during argument at the hearing on the motion.  Neither is sufficient to defeat a motion for judgment on the pleadings.
(footnote: 3)  Thus the Cummins' argument premised on 
Wehling
 fails. 

In any event we must affirm the judgment of the trial court.  Neither party to this action requested special findings of fact and the trial court did not gratuitously enter such findings.  We therefore review the decision of the trial court under the general judgment standard.  
Klebes v. Forest Lake Corp.
, 607 N.E.2d 978, 982 (Ind. Ct. App. 1993), 
trans. denied
.  A general judgment will be affirmed if it can be sustained upon any legal theory consistent with the evidence.  
Bedford Recycling, Inc. v. U.S. Granules Corp.
, 634 N.E.2d 1361, 1363 (Ind. Ct. App. 1994), 
trans. denied
.

Like a motion to dismiss for failure to state a claim pursuant to Ind. Trial Rule 12(B)(6), an Ind. Trial Rule 12(C) motion attacks the legal sufficiency of the pleadings.  
National R.R. Passenger Corp. v. Everton By Everton
, 655 N.E.2d 360, 363 (Ind. Ct. App.  1995), 
trans. denied
.  Our review of the trial court's ruling on a Trial Rule 12(C) motion is 
de novo
.  
Id.
   When we consider a motion for judgment on the pleadings, we deem the moving party to have admitted "all facts well pleaded, and the untruth of his own allegations which have been denied."  
New Trend Beauty School, Inc. v.  Indiana State Bd. of Beauty Culturist Examiners
, 518 N.E.2d 1101, 1103 (Ind. Ct. App. 1988).  All reasonable inferences are drawn in favor of the nonmoving party and against the movant.  
National
, 655 N.E. 2d at 363.  Like a motion to dismiss for failure to state a claim upon which relief can be granted, a motion for judgment on the pleadings should be granted only when it is clear from the face of the complaint that under no circumstances could relief be granted.  
Id.
  Neither a motion nor a party's response to a motion is considered a pleading.
(footnote: 4)  
State Exchange Bank of Culver v. Teague
, 495 N.E.2d 262 (Ind. Ct. App. 1986); 
Smith v. City of South Bend
, 399 N.E.2d 846 (Ind. Ct. App. 1980).   

In addition to alleging negligence the Cummins also alleged in their complaint that the defendants "breached the warranties of merchantability and of fitness for a particular purpose . . . . "  R. at 5.  The Uniform Commercial Code (UCC) governs breach of warranty claims and provides a four year statute of limitations.  
B & B Paint Corp. v. Shrock Mfg. Inc.
, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991), 
trans denied
; Ind. Code § 26-1-2-725.  Wilcox acknowledges the foregoing authority but contends it is not applicable here for two reasons:  (1) allegations of breach of implied warranty for merchantability as well as allegations of breach of implied warranty of fitness for a particular purpose require a showing of privity of contract, and no such privity exists here, and (2) timely notice regarding breach or warranties is a prerequisite to bringing a UCC action, and no such notice was given.  
See
 
B & B
, 568 N.E.2d at 1019 
citing
 Ind. Code §§ 26-1-2-314, 26-1-2-315, and 26-1-2-607.

We have no quarrel with Wilcox's statement of the law.  However, Wilcox's argument is not applicable at this stage of the proceedings.  As we have already indicated a motion for judgment on the pleadings should be granted only when it is clear from the face of the complaint that under no circumstances could relief be granted.  
National
, 655 N.E.2d at 363. Here the allegations contained in the Cummins' complaint, which must be accepted as true,  are sufficient to state a claim for breach of warranty.  Accordingly, the trial court properly denied Wilcox's motion.

Judgment affirmed.

HOFFMAN, J., and DARDEN, J., concur.

FOOTNOTES
1:  The record is unclear as to Custom Conveyor's role as a defendant in this action.  In any event its status does not affect the outcome of this appeal. 

2:  Pursuant to Ind. Code § 34-11-2-4 "[a]n action for:  (1) injury to person or character . . . must be commenced within two (2) years after the cause of action accrues."

3:  We here note that the Cummins also can find no relief in the proposition that where matters outside the pleadings are presented to and not excluded by the trial court, a motion for judgment on the pleadings shall be treated as one for summary judgment.  T.R. 12(C).  The "matters outside the pleadings" as anticipated under T.R. 12(C) are those materials that would be admissible for summary judgment purposes, such as:  depositions, answers to interrogatories, admissions, and affidavits.  
Davidson v. Cincinnati Ins. Co.
, 572 N.E.2d 502, 505 (Ind. Ct. App. 1991), 
trans. denied
.  The law is well settled that neither arguments of counsel nor allegations in memoranda qualify as evidentiary materials for purposes of a motion for summary judgment. 
J.A.W. v. Roberts
, 627 N.E.2d 802, 808 (Ind. Ct. App. 1994); 
Freson v. Combs
, 433 N.E.2d 55, 59 (Ind. Ct. App. 1982); 
Swartzell v. Herrin
, 144 Ind. App. 611, 248 N.E.2d 38 (1969). 

4:  Under Ind. Trial Rule 7 the pleadings consist of (1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and (5) a third-party answer.