Richard U. PFLANZ and Delores J. Pflanz, Appellants–Plaintiffs,

v.

Merrill FOSTER, individually, Merrill Foster, d/b/a, Friendly Foster's Service, and Sunoco, Inc. (R & M), Appellees–Defendants.

No. 36A01–0612–CV–548.

Court of Appeals of Indiana.

June 19, 2007.

Publication Ordered July 24, 2007.

Donn H. Wray, Justin W. Leverton, Stewart & Irwin, Indianapolis, IN, Attorney for Appellant.

Rodney E. Farrow, Farrow & Thompson, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Richard U. Pflanz and Delores J. Pflanz appeal the trial court decision to dismiss their action for failure to state a claim upon which relief may be granted. The Pflanzes raise the issue of whether the trial court erred in determining their claim was not brought within the applicable statute of limitations.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Taking all of the allegations in the complaint to be true, the facts are as follows: In 1976, Foster[1] purchased a service station from Sunoco, Inc.[2] located in Jackson County, Indiana. Foster ran the service station until 1978 when he closed the petroleum dispensing activities, including the use of underground storage tanks ("USTs"). In 1984, the Pflanzes purchased the property from Foster. For the next two years, the Pflanzes owned and operated a business, Big O Tires of Seymour. A year later the Pflanzes sold their business to Hampton Tire Company, Inc., who leased the property from them.

On September 20, 2001, the Indiana Department of Environmental Management conducted a site inspection of the property to assess whether the dormant USTs had caused or were causing environmental contamination. This was the first time the Pflanzes were aware of any environmental issues with the property. IDEM discovered that the USTs were causing contamination. In response, the Pflanzes spent over $100,000 to initiate and conduct a site cleanup, including: the removal of a few of the onsite USTs; the in-place closure of the other remaining USTs; and the removal and disposal of at least 1,000 tons of contaminated soil and 7,500 gallons of contaminated water.

The Pflanzes brought suit against Foster and Sunoco alleging waste and negligence, and seeking contribution, attorney fees, and costs for environmental liability. The trial court dismissed the complaint. Then, a year later, the Pflanzes filed an amended complaint from which Foster moved to dismiss. The trial court granted the motion to dismiss, incorporated its previous order granting defendant's motion to

---

1. Merrill Foster passed away after the commencement of this appeal. Indiana Trial Rule 25(A) provides, "if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Pursuant to this rule, the trial court ordered that the Personal Representative of Foster's Estate, Carol Snodgrass, be substituted for Foster in this case. Nevertheless, to avoid confusion, we use Foster's name and not Snodgrass.

2. Sunoco, Inc. is a party to this appeal but did not file a brief.

dismiss, and made the following relevant findings and conclusions:

2. In their Second Amended Complaint the Pflanz[es] assert in Paragraph 9 "Prior to purchasing the Property, the Pflanz[es] were advised by Foster that the USTs had been closed and were not in use."

3. In paragraph 25 of the Second Amended Complaint, Pflanz[es] assert "Foster, contrary to representation, did not close the USTs, but rather abandoned them in place leaving petroleum in the USTs...."

4. On page 10, in paragraph 2 of the Court's prior order dismissing Pflan[zes] amended complaint, the Court noted: "Foster did not conceal the injury so the statute of limitations did not toll." In the second amended complaint, the Pflan[zes] are now asserting that Foster did conceal or misrepresent a material fact, i.e., closing the USTs.

5. In ruling on a Motion to Dismiss, the Court is to accept allegations of the nonmoving party as true. Therefore, assuming that Foster did misrepresent or conceal a material fact, the issue before this court is how long the statute of limitations would be tolled. Is it tolled 1) until the Plan[zes] first put on notice of the contribution by the State, 2) when the Pflan[zes] first found that there is contamination, or 3) when the Pflan[zes] in the exercise of ordinary diligence could have discovered that injury had been sustained, ie., the contamination?

6. The Pflan[zes] were careful in drafting their Second Amended Complaint, noting that they purchased the property from Foster in 1984 and "at the time that (they) purchased the Property, they had no legal obligation, created either by Federal or state statute, or by common law, to conduct environment...." (Second Amended Complaint, par. 10.)

7. Although they did not have a legal duty to conduct environmental tests prior to purchasing the property, they did have a duty to monitor the USTs starting in 1987 and/or 1991. (See page 8 of Order Granting Motion to Dismiss date Feb. 20, 2006.)

8. The Court finds that had the Pflan[zes] monitored the USTs pursuant to Indiana Law, then in the exercise of ordinary diligence the Pflan[zes] could have discovered that injury in either 1987 or 1991. Even accepting the Pflan[zes] assertion that Foster mislead Pflanz[es], the statute of limitations begins to run when the "fraud" is discovered or in the exercise of reasonable diligence, should be discovered. *Ballard's Estate v. Ballard*, 434 N.E.2d 136 (Ind.Ct.App.1982) and *Horn v. A.O. Smith Corp.*, 50 F.3d 1365 (7th Cir.1995).

9. Therefore, the Court finds that the ten-year statute of limitations has run and the Pflan[zes] Second Amended Complaint against Foster should be dismissed.

10. Foster also claims that the Second Amended Complaint should be dismissed because of laches. Laches is a defense in claims of equity. This is a claim at law. Therefore, the defense of laches does not apply. See I.L.E. Equity Sec. 26 and 27.[3]

---

3. Because we find the legal issue of the statute of limitations dispositive, we do not consider whether the defense of laches would apply. We do note, however, that IC 13–23–

*Appellant's App.* at 88–89. The Pflanzes now appeal.

## DISCUSSION AND DECISION

The Pflanzes argue that the applicable ten-year statute of limitations[4] did not begin to run until either the discovery of contamination or the payment of remediation, and according to the amended complaint they did not discover any environmental issues on the property until September 2001. Thus, they claim their action is timely.

We review a motion to dismiss for failure to state a claim, Indiana Trial Rule 12(B)(6), to determine whether the plaintiff, under any construction of the facts alleged in the complaint, would be entitled to relief. *Huffman v. Indiana Office of Envtl. Adjudication,* 811 N.E.2d 806, 814, (Ind.2004). In doing so, we must take all facts alleged in the complaint to be true. *Id.* If any other facts are considered outside of the complaint, the motion to dismiss becomes a motion for summary judgment, and the standard becomes whether there are any genuine issues of material fact preventing judgment as a matter of law. *Id.*

Under Indiana's UST law IC 13–23–13–8, a plaintiff is entitled to receive contribution from a previous owner or operator of USTs if the release occurred during that individual's ownership or operation. Our Supreme Court ruled that IC 13–23–13–8 is a statutory claim for indemnification and contribution that has a ten-year statute of limitations. *Bourbon Mini–Mart, Inc. v. Gast Fuel and Services, Inc.,* 741 N.E.2d 361, 371–72 (Ind.Ct.App.2000), *aff'd in relevant part by* 783 N.E.2d 253 (Ind.2003). The Supreme Court has also held that the

statute of limitations is "discovery-based" and begins to run once the claimant knew or, through the exercise of reasonable diligence, should have known of the damage. *Wehling v. Citizens Nat'l Bank,* 586 N.E.2d 840, 842–43 (Ind.1992).

The question before us is, When does the running of the ten-year statute of limitations commence? The Pflanzes contend that the statute of limitations did not begin to run until the discovery of the contamination or until remediation costs are incurred. Foster argues that it began upon the purchase of the property. The trial court found in this case that, when the Indiana Legislature enacted the UST contribution statutes in 1987 and amended the statutes in 1991 that the Pflanzes knew or through the exercise of reasonable diligence should have known about onsite contamination, such that the statute of limitations began to run no later than 1991. We agree.

Throughout the 1980's, federal and state legislation put property owners on notice that the exercise of reasonable diligence required that appropriate action be taken to detect the release of hazardous substances from USTs located on their property. Congress adopted the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) in 1980 and amended it in 1986. Indiana adopted the predecessor statute to what is now codified as IC 13–23–13 *et seq.* in 1987 and amended it 1991. Such statutes imposed liability on such owners for remediation costs from leaking USTs and gave the owners the right of contribution from prior owners and operators provided certain conditions were satisfied.

13–8 permits the court to take equitable considerations into account.

**4.** IC 34–11–1–2(a) provides, "[a] cause of action that: (1) arises on or after September 1, 1982; and (2) is not limited by any other statute; must be brought within (10) years."

From the time the Pflanzes purchased the property in 1984, they knew that there were USTs which had been used for the storage of petroleum products. They also knew from 1984 forward that they faced potential liability under CERCLA if the USTs were leaking. From 1986 forward they knew that they had a right to contribution under CERCLA from prior owners. From 1987 forward, they knew they faced liability under Indiana's environmental statutes for remediation costs. From 1991 forward, they knew that had a right to contribution under Indiana law for such costs. Notwithstanding such knowledge, the Pflanzes took no action to discover if the USTs on the property that they purchased and owned were leaking.

We hold that the exercise of reasonable diligence would have led to the discovery of the leaking USTs no later than 1991. Accordingly, we affirm the trial court in all respect.[5]

Affirmed.

DARDEN, J., and MATHIAS, J., concur.

## ORDER

On June 19, 2007 this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellants, by counsel, have filed a Motion to Publish. The Appellants state that this Court's decision should be published because the Court's holding clarifies the commencement of the ten-year statute of limitations for a contribution claim under Indiana Code 12–23–13–8.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellants Motion to Publish is GRANTED and this Court's opinion heretofore handed down in this cause on June 19, 2007, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

KIRSCH, DARDEN, and MATHIAS, JJ., concur.

---

5. The Pflanzes complaint for negligence and waste were subject to a six-year "discovery-based" statute of limitation. *See Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 842–43 (Ind.1992) (citing IC 34–1–2–2(1)). Because we find the Pflanzes failed to bring their contribution claim within the applicable ten-year limitations period, we likewise find that their negligence and waste claims failed the lesser six-year statute of limitations.