**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2012[*]
Decided July 24, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3609

| | |
|---|---|
| ADRIAN GARCIA RANGEL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | |
| | No. 2:09–CV–071 |
| THOMAS SCHMIDT, et al., | |
| *Defendants-Appellees*. | Rudy Lozano, |
| | *Judge*. |

**O R D E R**

Adrian Rangel appeals the grant of summary judgment against him in this diversity action, charging the adoptive parents of his ex-wife and others with fraud, undefined acts of negligence, and intentional infliction of emotional distress. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

This case arises out of Rangel's marriage to and later divorce from Janell Schmidt, whose adoptive parents are defendants Thomas and Denise Schmidt. Thomas is also a pastor who officiated at the wedding and met with the couple for premarital counseling. The complaint's allegations are confusing, but Rangel seems to claim that Thomas and Denise, as well as the church that employed Thomas, failed to warn him of Janell's violent behavior and dependence on behavior-modifying medication. (The complaint listed several other defendants, but all were dismissed from the case without objection from Rangel.)

The district court granted summary judgment to the Schmidts and to other defendants. Relevant to this appeal, the court found that Rangel's negligence claims were barred by Indiana's two-year statute of limitations based on uncontradicted evidence that he knew of Janell's violent tendencies and medication in 2005, more than three years before filing this suit. Even if the negligence claims were not time-barred, the court added, they would fail because Rangel presented no evidence that any defendants owed him a legal duty.

On appeal Rangel first challenges the district court's finding that his negligence claims were time-barred because, he says, the defendants' evidence was too vague to permit an inference that he knew of Janell's condition more than two years before filing his complaint. He characterizes as "self-negating" (1) a letter he sent to an Indiana court noting Janell's remark at the time of their wedding in 2005 that she had long taken behavior-modification drugs, and (2) a complaint he filed in federal court more than two years before this suit in which he complained of Janell's behavior and her parents' failure to disclose any mental impairments.

We agree with the district court that this evidence showed beyond reasonable dispute that more than two years before he filed his complaint, Rangel was aware of Janell's medication and behavior that caused the alleged harms to him, including the marriage itself. A tort claim accrues under Indiana law "when the plaintiff knew . . . that an injury had been sustained as a result of the tortious act of another." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1369 (7th Cir. 1995), quoting *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). That standard was met here more than two years before Rangel filed his complaint, so his negligence claims are barred by Indiana's two-year statute of limitations. *See* IND. CODE § 34-11-2-4; *Stickdorn v. Zook*, 957 N.E.2d 1014, 1019–21 (Ind. Ct. App. 2011).

Rangel also argues that the district court incorrectly found that no defendant owed him a duty because the premarital counseling conducted by Thomas Schmidt created a "special relationship" giving rise to a duty. The theory seems to be that either a person providing premarital counseling or a fiancee's parent has a duty to share negative information about the intended that she has not shared herself with her intended partner. The district court properly found that contention has no basis in the law, and without a duty the defendants could not be liable even if Rangel's negligence claims were timely. *See, e.g., Kroger Co. v. Plonski*, 930 N.E.2d 1, 6 (Ind. 2010).

Rangel next challenges the district court's decision to accept the defendants' version of the facts and ignore evidence he submitted, including Janell's psychological evaluation and prescriptions. But the court properly enforced the local rules and adopted the defendants' version of the facts because Rangel failed to submit a "Statement of Genuine Disputes" or otherwise identify material facts that he disputed. *See* N.D. IND. L.R. 56.1(b)(2); *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009).

Finally Rangel argues that the district court denied him his Seventh Amendment right to a trial by a jury by granting summary judgment. But the Seventh Amendment does not entitle parties to a jury trial when there are no genuine issues of fact for a jury to decide. *Hanners v. Trent*, 674 F.3d 683, 691 n.12 (7th Cir. 2012) (citing *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006)).

We have reviewed the remaining contentions in Rangel's brief and conclude that none has merit.

**AFFIRMED**.