**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID J. JURKIEWICZ**
**NATHAN T. DANIELSON**
**CHRISTINA M. BRUNO**
Bose McKinney & Evans, LLP
Indianapolis, Indiana

APPELLEE PRO SE:

**JANICE M. STERN**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1306-MF-282 |
| | ) | |
| JANICE M. STERN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D03-0802-MF-817
Cause No. 82D03-0803-MF-1535

**March 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Federal Home Loan Mortgage Corp. (Freddie Mac) appeals the entry of summary judgment in favor of Janice M. Stern in the instant mortgage foreclosure action. Freddie Mac presents the following consolidated and restated issue for review: Did the trial court properly grant summary judgment?

We reverse and remand.

The facts stated in the light most favorable to Freddie Mac, the non-moving party, follow. On August 16, 2004, Stern executed a promissory note in favor of Chase Manhattan Mortgage Corporation (Chase)[1] in the principal amount of $73,750. To secure the note, Stern contemporaneously executed a mortgage (the Original Mortgage) to Chase secured by property located at 8244 Woodbriar Drive in Evansville, Indiana (the Property). Chase recorded the Original Mortgage on August 19, 2004 in the Office of the Recorder of Vanderburgh County.

Thereafter, on December 8, 2004, Stern executed a home equity line of credit agreement and disclosure statement (the HELOC Agreement) with Chase in the amount of $50,000. The HELOC Agreement was secured by a second mortgage on the Property (the HELOC Mortgage) executed by Stern on that same date. The HELOC Mortgage was duly recorded on January 7, 2005. Stern executed a modification agreement on November 27, 2006, which increased her line of credit to $60,000. The modification agreement was promptly recorded.

---

[1] Chase subsequently merged into Chase Home Finance LLC and later JP Morgan Chase Bank. Because it does not affect our analysis, we will refer to each of these entities as Chase.

Stern defaulted on her payments under the Original Mortgage in October 2007. The default was not cured, and Chase accelerated the loan payments. As a result of the default, Chase filed a mortgage foreclosure action against Stern on February 7, 2008, with respect to the Original Mortgage. Thereafter, on March 18, 2008, Chase filed a complaint under a separate cause number seeking to foreclose on the HELOC Mortgage. The two causes of action were consolidated in April 2009. The consolidated action lingered for a number of years with little action. On its own motion, the court set a Trial Rule 41(E) hearing for August 15, 2011. The hearing was vacated and reset a number of times.

On May 3, 2012, Chase assigned its interest in the Original Mortgage to Freddie Mac. Freddie Mac also obtained possession of the original note, which had been endorsed in blank. Chase remained as servicer of the Original Mortgage. Thereafter, on June 1, 2012, Chase filed a motion for leave to amend its complaint regarding the Original Mortgage. The trial court granted the motion, which resulted in Freddie Mac being substituted as the named plaintiff pursuant to the assignment.

On September 13, 2012, Chase sent a letter to Stern indicating that it was cancelling the remaining amount owed to Chase with respect to the Property (the Cancellation Letter). The Cancellation Letter provided in relevant part:

> We are writing to let you know that we are cancelling the amount owed to Chase on the loan referenced below, totaling $68,916.38, as a result of a recent mortgage servicing settlement reached with the states and federal government.
>
> **This means nothing more is owed on the loan and the debt will be cancelled. Nothing needs to be signed or returned for this to happen.**
>
> **As part of cancelling the amount owed, we will:**

...

- Release the lien held by Chase and forward the release to your county of records office for processing….
- No longer pay property taxes or insurance on the property if this was part of the mortgage….
- Refund any remaining escrow balances on the account to you.
- No longer be responsible for securing the property and/or providing maintenance required by the city if the property is vacant.

**All you need to do:**

- Contact your insurance company and/or taxing authority to make arrangements for paying any remaining or new amounts due.
- Pay any taxes and/or insurance premiums associated with the property.
- Provide your address to your homeowners' insurance agent, as well as your taxing authority….

*Appellant's Appendix* at 124 (emphases in original). The account number referenced at the bottom of the letter was an eighteen-digit number ending in 9821.

Stern filed a motion for summary judgment on January 29, 2013, relying exclusively on the Cancellation Letter regarding the cancellation of her mortgage debt to Chase pursuant to the 2012 National Mortgage Settlement. In support of her motion, Stern designated the amended complaint and the Cancellation Letter. In response to the motion for summary judgment, Freddie Mac designated the affidavit of Jessica Garibay, an assistant vice president of Chase who was also acting as attorney in fact for Freddie Mac. Among other things, Garibay averred that the loan obligation relating to the Original Mortgage remains due and owing, while the HELOC loan obligation had been forgiven pursuant to the National Mortgage Settlement. Freddie Mac also designated relevant loan documents related to the Original Mortgage and the HELOC Mortgage.

4

Chase subsequently filed a motion to dismiss its cross-claim/counterclaim (that is, the foreclosure action based on the HELOC Mortgage). The trial court granted the motion to dismiss without prejudice on April 22, 2013. Thereafter, the matter was set for a summary judgment hearing on May 15, 2012. Stern appeared at the hearing pro se. No sworn testimony or additional evidence was presented at the hearing. At the conclusion of the brief hearing, the trial court granted summary judgment in favor of Stern and dismissed Freddie Mac's foreclosure action.[2] Freddie Mac now appeals the trial court's entry of summary judgment.

Our standard of reviewing a summary judgment ruling is the same as that employed by the trial court. Summary judgment is appropriate only when the designated materials demonstrate that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See* Ind. Trial Rule 56(C); *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327 (Ind. 2013). "We look only to the materials properly designated to the trial court, and we take all facts and draw all reasonable inferences in favor of the non-moving party." *Id*. at 331. Further, it is "well settled that neither arguments of counsel nor allegations in memoranda qualify as evidentiary materials for purposes of summary judgment." *Richards-Wilcox, Inc. v. Cummins*, 700 N.E.2d 496, 499 n.3 (Ind. Ct. App. 1998). *See also Ind. Univ. Med. Ctr., Riley Hosp. for Children v. Logan*, 728 N.E.2d 855 (Ind. 2000) ("[u]nsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence").

---

[2] The trial court also reinstated Chase's claim with respect to the HELOC Mortgage and then entered summary judgment in favor of Stern. Chase does not appeal.

5

In the instant case, the dispute centers on the effect of the Cancellation Letter. At the summary judgment hearing, Stern argued, pro se, that the Cancellation Letter forgave the debt related to the Original Mortgage. Without reference to any of the designated evidence, Stern asserted that she had never borrowed against the HELOC and that the amount listed in the letter ($68,916.38) corresponded to the remaining principal balance on the Original Mortgage.

Freddie Mac argued, on the other hand, that a question of fact remained as to what debt had been cancelled. Freddie Mac directed the trial court to certain designated evidence supporting its claim that only the debt related to the HELOC Mortgage had been forgiven. In this regard, Freddie Mac observed that the Original Mortgage had been assigned to Freddie Mac four months prior to the Cancellation Letter.[3] Further, Freddie Mac indicated that the account number referenced on the Cancellation Letter corresponded with the unredacted portion of the servicing/account/reference number (9821) listed on both the HELOC Mortgage and Agreement. In response, Stern claimed, again without relying on the designated evidence, that the account number was the same for the Original Mortgage and that the loan had been forgiven by Chase prior to the assignment to Freddie Mac.

On the sparse record before us, we cannot say that Stern was entitled to summary judgment as a matter of law. Stern may very well succeed at trial, but her reliance on matters

[3] We note that although Chase assigned the Original Mortgage to Freddie Mac, the designated evidence establishes that Chase remained as servicer of the mortgage loan. Thus, Chase remained directly involved with Stern concerning the Original Mortgage, though now on Freddie Mac's behalf.

6

outside of the designated evidence is not proper on summary judgment.[4] Contrary to her assertions on appeal, the designated evidence does not establish as a matter of law that the debt secured by the Original Mortgage – as opposed to the HELOC Mortgage – has been forgiven. The Garibay affidavit, in fact, provides otherwise. Further, Stern presented no designated evidence linking the account number in the Cancellation Letter or the amount being forgiven with the account number and amount due on the Original Mortgage. As genuine issues of material fact remain, the trial court improperly granted summary judgment.

Judgment reversed and cause remanded.

KIRSCH, J., and BAILEY, J., concur.

---

[4] While proceeding pro se, Stern made a number of factual assertions at the summary judgment hearing. Our review of the transcript, however, reflects that Stern was not sworn under oath to tell the truth. As set forth above, such unsworn commentary does not qualify as designated evidence to be considered in determining the propriety of summary judgment.