Thelma J. ELLIS, Appellant (Respondent Below),

and

Brian K. Ellis, Appellant (Respondent Below),

v.

KNOX COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee (Petitioner Below).

No. 1–481A118.

Court of Appeals of Indiana, First District.

April 14, 1982.

Joe D. Black, Scott K. Foncannon, Foncannon & Foncannon, Vincennes, Donald R. Lundberg, Kenneth J. Falk, Legal Services Organization of Indiana, Inc., Indianapolis, Dennis K. Frick, Legal Services Organization of Indiana, Inc., Vincennes, for appellants.

Robert D. Lewis, Miller, Lewis & Miller, Vincennes, for appellee.

ROBERTSON, Judge.

The appellant-respondents, the natural parents of Chad Owen Ellis, appeal from the trial court's judgment terminating their parental rights.

Because we reverse, the sole issue to be examined is the constitutionality of the preponderance of the evidence standard set forth in Ind. Code 31–6–7–13(a) and heretofore applicable in proceedings to terminate parental rights. The recent United States Supreme Court case of *Santosky v. Kramer*, —— U.S. ——, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) holds that such a standard of proof in cases designed to terminate parental rights violates the Due Process Clause of the Fourteenth Amendment. Instead, a "clear and convincing" standard is necessary to satisfy due process.

The record herein shows affirmatively that the trial court used the lower standard of proof called for by our statute.

As a result of *Santosky, supra*, we find that that part of I.C. 31–6–7–13(a) requiring a preponderance of the evidence standard in termination of parental rights proceedings is not constitutional.

The cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RATLIFF, P. J., and NEAL, J., concur.