Dean MADLEM, Appellant,

v.

Victor ARKO and Marla M.
Johnston, Appellees.

No. 57S04–9205–CV–381.

Supreme Court of Indiana.

May 18, 1992.

Robert J. Palmer, E. Spencer Walton, Jr., May, Oberfell & Lorber, South Bend, for appellant.

R. Michael Parker, David G. Thomas, Karla O. Boresi, Barnes & Thornburg, Elkhart, for appellees.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

The Court of Appeals, in an opinion reported at 581 N.E.2d 1290, affirmed the trial court's judgment in favor of appellees Arko and Johnston. We also affirm the trial court, but because we do so for a reason different than that stated in the Court of Appeals' opinion, we grant transfer and set aside the opinion of the Court of Appeals.

Arko is an attorney and Johnston is his secretary. Madlem and Neil Buck formed a corporation. They later retained Arko to prepare a note and a second mortgage on Buck's home in Michigan in order to secure a loan agreement between Madlem and Buck. Later, when Madlem attempted to collect on the note through a foreclosure suit, Buck defended on the ground that his wife's signature, which was purportedly notarized by Johnston, was a forgery.

The Court of Appeals held that Madlem fails in his claim because of the expiration of the statute of limitations. Citing *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281, the Court of Appeals held that the statute of limitations began to run at the time of the notarization of the purportedly forged signature of Mrs. Buck; therefore, Madlem's claim against Arko and Johnston was barred by the statute of limitations.

Since *Shideler*, this Court has revisited this situation, the most recent case being *Wehling v. Citizens Nat. Bank* (1992), Ind., 586 N.E.2d 840. There, we cited both

*Burks v. Rushmore* (1989), Ind., 534 N.E.2d 1101 and *Barnes v. A.H. Robins Co., Inc.* (1985), Ind., 476 N.E.2d 84. We observed the Indiana rule to be that "a cause of action accrues, and thus the statute of limitations begins to run, when the resultant damage of a negligent act is 'susceptible of ascertainment.'" *Wehling, supra* at 842.

We further observed that we perceive no significant difference between the "discovery rule" followed in some jurisdictions and the "ascertainment rule" followed in Indiana. We then stated:

> "We now complete the merging of the 'discovery' and 'ascertainment' rules. We hold that the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehling, supra* at 843.

In the case at bar, Madlem had no way to know of a possibly improper notarization of Mrs. Buck's signature until he tried to foreclose on the mortgage and the defense of forgery was presented. Thus, we hold that the statute of limitations did not start to run until that time; therefore, Madlem's claim was not foreclosed by the expiration of the limitations period. However, as observed by Judge Miller in his concurring-in-result opinion, Madlem's allegation that Arko and Johnston were negligent in allowing the purported forgery placed the initial burden upon Madlem to show that the documents indeed were forged.

Like Judge Miller we have searched the record and find no evidence presented by Madlem to demonstrate such a forgery. The fact that Buck's wife testified that she did not sign the instrument need not have been believed by the trial court and it was well within its prerogative to find her testimony was self-serving and therefore not believable. We see no finding by the trial court that her signature in fact was forged. Because Madlem does not challenge the findings of the trial court, they must be accepted as correct. Therefore, we find that, based upon the record before us, Madlem did not sustain his burden of proof.

We grant transfer and set aside the opinion of the Court of Appeals. The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., would deny transfer.