[642 NYS2d 677]

In the Matter of NEW YORK COUNTY DES LITIGATION.

JAN E. MEVIS, Appellant, v ELI LILLY & Co. et al., Respondents.

First Department, May 23, 1996

APPEARANCES OF COUNSEL

*Ronald R. Benjamin* for appellant.

*Linda Trummer-Napolitano* of counsel *(Henry R. Simon,* attorney), for West-ward, Inc., respondent.

*Eric D. Statman* of counsel *(Anderson Kill Olick & Oshinsky, P. C.,* attorneys), for Emons Industries, Inc., respondent.

## OPINION OF THE COURT

SULLIVAN, J. P.

This is a products liability action against numerous pharmaceutical manufacturers for personal injuries plaintiff allegedly sustained as a result of in utero exposure to diethylstilbestrol (DES). The parties agreed before the IAS Court that plaintiff's cause of action accrued in Indiana and that, under the borrowing statute, the Indiana Statute of Limitations applies to this case since, facially, it is shorter than the applicable New York period of limitations. (*See, e.g., Besser v Squibb & Sons,* 146 AD2d 107, *affd* 75 NY2d 847.)* According to plaintiff's deposition testimony, she became aware of her injuries and their relationship to DES exposure in 1975 and commenced this lawsuit in 1993, after reading an article dealing with DES in the February 1993 issue of McCall's magazine.

Defendants moved for summary judgment dismissing the action as untimely, arguing that plaintiff's claim accrued in 1975, when she learned of her injuries and that they were probably caused by her exposure to DES. Plaintiff asserted that since she was "prompted" to bring the lawsuit by the 1993 McCall's article, according to which it was not until the fall of 1991 that legislation was signed to devote significant government funds to research on the health risks to those exposed to DES, the action commenced in April 1993 was timely commenced. The IAS Court granted defendants' motion and cross motions and dismissed the action as against all defendants, holding that the State of Indiana does not require plaintiff's knowledge of wrongdoing for accrual of a cause of action.

The issue on appeal is whether plaintiff's cause of action accrued, and the Statute of Limitations began to run, when

---

* Defendant Emons Industries now argues that plaintiff's action is also time barred under New York law. While defendant's failure to raise this question of law before the IAS Court does not bar this Court's review (*Chateau D' If Corp. v City of New York,* 219 AD2d 205), the argument is without merit since it relies on the applicability of CPLR 214 (5), which is a three-year Statute of Limitations and thus longer than the two-year Indiana Statute of Limitations.

plaintiff discovered that she had been injured and that the injury was caused by DES or whether the limitations period only began to run when plaintiff knew or should have known of defendants' wrongful conduct. The Indiana courts have not addressed this precise issue. As we read Indiana law, however, the cause of action did not accrue until plaintiff knew or reasonably should have known that her injuries were the result of some wrongdoing on defendants' part.

Under Indiana's Statute of Limitations, insofar as relevant (see, Ind Code §§ 33-1-1.5-5, 34-1-2-2), a products liability action must be commenced within two years after the cause of action has accrued. In 1985, the Indiana Supreme Court joined other jurisdictions in adopting a discovery rule and held that where "an injury to a plaintiff [is] caused by a disease which may have been contracted as a result of protracted exposure to a foreign substance * * * the statute of limitations * * * commences to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another" (Barnes v Robins Co., 476 NE2d 84, 87-88). The Indiana courts have since expanded the rule in Barnes, a suit against the manufacturer of the Dalkon shield intrauterine device for personal injuries allegedly resulting from the use of the product, to all tort actions. (See, Wehling v Citizens Natl. Bank, 586 NE2d 840.) Thus, "the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." (Supra, at 843; see also, Madlem v Arko, 592 NE2d 686, 687 [Ind].) While it could be argued that the term "tortious act" as used in these opinions is merely descriptive of the defendant's conduct and not dispositive of whether knowledge of the wrongful nature of the conduct is required before the claim accrues, the more enlightened view would require knowledge, actual or constructive, that tortious conduct underlies the injury.

In the present case, while plaintiff knew of her injury and its cause in 1975, there is a question as to when she knew or should have known that the injury was the result of tortious conduct. Where the discovery of the injury and its cause occurs without the concomitant knowledge, actual or constructive, that the injury is also attributable to wrongful conduct, the Statute of Limitations should not begin to run until the person discovers or reasonably should have discovered the wrongdo-

ing. (*See, e.g., Anthony v Abbott Labs.*, 490 A2d 43, 46 [Sup Ct RI]; *Dawson v Eli Lilly & Co.*, 543 F Supp 1330 [DC]; *Brown v Hitchcock Mem. Hosp.*, 117 NH 739, 378 A2d 1138.) A contrary rule deprives a potential plaintiff of a reasonable time to present his or her claim. (*Cf., Toth v Lenk*, 164 Ind App 618, 621, 330 NE2d 336, 338.) While the court in *Barnes v Robins Co.* (476 NE2d, *supra,* at 88) held that persons who have knowledge of or should have discovered an injury and its cause "have a fair opportunity to investigate available sources of relevant information and to decide whether to bring their claims in court within the time limitations in the statute," it is fundamentally unfair to read that language as requiring a plaintiff to ascertain facts, i.e., defendants' wrongdoing, which may not yet be discovered or discoverable.

The dissent is premised on the notion that this Court "accept[s] the fact that 'ordinary diligence' could not start the running of the Statute of Limitations until after the McCall's article in 1993." We neither accept nor reject that fact; we merely recognize that when plaintiff "knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of [defendant]" (586 NE2d, *supra,* at 843) is indeed a question of fact that cannot be resolved on this motion.

Accordingly, the order of the Supreme Court, New York County (Ira Gammerman, J.), entered March 17, 1995, granting defendants' motion and cross motions for summary judgment dismissing the complaint as time barred, should be reversed, on the law, without costs or disbursements, and the motion and cross motions denied.

KUPFERMAN, J. (dissenting). I would affirm.

The Court fairly states the background, but it is much too expansive in its analysis of the Indiana law.

The plaintiff knew of her injuries and the relationship to DES exposure in 1975 and commenced a lawsuit in 1993, some 18 years later, allegedly becoming aware of the "tortious act" after reading about the subject in the February 1993 issue of McCall's magazine.

The problem of DES came to this Court in the case of *Bichler v Eli Lilly & Co.* (79 AD2d 317) in 1981. It was affirmed in an opinion by Judge Bernard S. Meyer (55 NY2d 571) in 1982. To further emphasize the time lapse, it is noted that Judge Meyer retired from the Court of Appeals by reason of age at the end of 1986. In the interim, there were other cases, such as *Kauf-*

*man v Eli Lilly & Co.* (65 NY2d 449) in 1985, and large-scale consideration of the DES phenomenon during and around that period and around the country *(see, e.g., Eli Lilly & Co. v Home Ins. Co.,* 482 NE2d 467 [Sup Ct Ind, 1985]; *Eli Lilly & Co. v Home Ins. Co.,* 794 F2d 710 [DC Cir], *cert denied* 479 US 1060; *see also, Eli Lilly and Co. and five other drug companies have won a major case involving DES, Lilly said in a statement Friday,* United Press Intl, May 15, 1981 [dateline: Indianapolis]; *DES: Men May Be In Danger, Too,* Newsweek, Mar. 21, 1983, at 52; *Alert Urged on DES Link to Cancers,* New York Times, Dec. 1984, at C13; *Before His Cancer Ordeal, Lawyer Craig Diamond Defended DES-Makers: Now He's Suing His Former Clients,* People magazine, May 9, 1983, at 40; *DES Daughters: Could You Be One?,* 28 Teen magazine, at 52 [June 1994]; *DES Warning Ignored: Doctor,* Chicago Tribune, July 10, 1985, at 4; *HHS Releases Task Force Study on DES,* Washington Post, July 23, 1985, at A13; *Woman files $40 million DES suit,* United Press Intl, Nov. 25, 1985 [dateline: Chicago]; Anna Quindlen, *Struggling With a Knowledge of Body,* Chicago Tribune, Nov. 21, 1986, Tempo, at 1).

For this Court to accept the fact that "ordinary diligence" could not start the running of the Statute of Limitations until after the McCall's article in 1993 is to ascribe to Indiana courts credulity which I cannot accept.

MILONAS, ROSENBERGER and MAZZARELLI, JJ., concur with SULLIVAN, J. P.; KUPFERMAN, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered on or about March 17, 1995, which granted defendants' motion and cross motions for summary judgment dismissing the complaint, reversed, on the law, without costs and disbursements, and the motion and cross motions denied.