## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 19 2018, 10:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew W. Lutz
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of W.B. (Child) and A.B. (Father);

A.B. (Father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

November 19, 2018

Court of Appeals Case No. 18A-JT-1512

Appeal from the Vanderburgh Superior Court

The Honorable Brett J. Niemeier, Judge

Trial Court Cause No. 82D04-1711-JT-2161

**May, Judge.**

[1] A.B. ("Father") appeals the termination of his parental rights to W.B. ("Child"). Father challenges the evidence supporting the trial court's finding that his housing and employment were unsteady, and he challenges the trial court's conclusion the circumstances that led to Child's removal would not be remedied. We affirm.

## Facts and Procedural History

[2] Father and M.B. ("Mother")[1] are the biological parents of Child, born June 11, 2015. Father and Mother were married, but they no longer lived together after late 2016. On January 18, 2017, the Department of Child Services ("DCS") received a report that Mother was using illegal substances. Mother admitted illegal drug use and tested positive for marijuana and methamphetamine. Based thereon, DCS removed Child from Mother's care. Child could not be placed with Father due to Father's housing instability, so Child was placed with paternal grandmother.

[3] On January 20, 2018, DCS filed a petition to adjudicate Child as a Child in Need of Services ("CHINS"). Mother and Father agreed Child was a CHINS, and the court adjudicated her as such on January 31, 2017. On March 1, 2017, the trial court held a dispositional hearing as to Mother and Father. On April

---

[1] Mother's parental rights to Child were also terminated. She does not participate in this appeal.

5, 2017, the trial court entered its dispositional decree, ordering Father to, among other things,

> remain drug and alcohol free, obtain a substance abuse evaluation and follow any treatment recommendations, submit to random drug screens, participate in supervised or monitored visitations, participate in parent aide service, contact the [Family Case Manager, hereinafter "FCM"] weekly, and inform the FCM of any changes in contact information or address.

(App. Vol. II at 4-5.)

[4] Child was initially placed with paternal grandmother, who supervised frequent visits between Father and Child. However, at the end of July 2017, paternal grandmother allowed Father to have an unsupervised visit with Child, which caused DCS to remove Child from her care. Child was then placed with paternal aunt and uncle, where she has remained for the pendency of the proceedings. After Child started living with paternal aunt and uncle, Father's arrival at supervised visitation with Child was sporadic. Of twenty-one visits scheduled between September 2017 and February 2018, Father attended only twelve.

[5] On November 21, 2017, DCS filed a petition to terminate Father's parental rights to Child based on his lack of participation in services and visitation. On May 3, 2018, the trial court held a fact-finding hearing on the termination petition. On June 13, 2018, the trial court issued an order terminating Father's parental rights to Child.

# Discussion and Decision

[6] We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

[7] "The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A trial court must subordinate the interests of the parents to those of the children, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own children should not be terminated solely because there is a better home available for the children, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet parental responsibilities. *Id.* at 836.

[8] To terminate a parent-child relationship, the State must allege and prove:

> (B) that one (1) of the following is true:

> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
>
> (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
>
> (iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;
>
> (C) that termination is in the best interests of the child; and
>
> (D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

[9] When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine whether the evidence supports the findings and whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). Unchallenged findings are presumed correct. *Madlem v. Arko*,

592 N.E.2d 686, 687 (Ind. 1992). If the evidence and inferences support the juvenile court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

[10] The only Finding Father challenges is the trial court's Finding 6, which states: "Father did not provide any reasoning as to how he would maintain his housing and alleged employment when he had been unable do [so] since [Child's] removal in January 2017." (App. Vol. II at 6.) Father claims he presented evidence to the contrary - specifically that he was caring for his girlfriend's child, that he was ready for Child to be placed with him, that service providers had not visited his residence despite "being provided the address in open court," (Br. of Appellant at 14), that visits had gone well, and that Father was appropriate with Child - he "was not lacking in any parenting skills, read with [Child] and never raised his voice to her." (*Id.*) His arguments are an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See In re D.D.*, 804 N.E.2d at 265 (appellate court cannot reweigh evidence or judge credibility of witnesses).

[11] While Father may have accurately represented his situation at the time of the trial, DCS presented a wealth of evidence to support Father's historical inability to maintain stable housing and employment, as well as his failure to remedy issues associated with Child's removal. Father continued to use marijuana throughout the CHINS and termination proceedings, refused to attend substance abuse treatment, and missed ninety percent of his scheduled drug screens. The FCM testified Father had not provided proof of employment and was only employed intermittently during the proceedings. Father did not give

the FCM his new address, and she was unable to do background checks on the other adults living in the home. Father testified he was homeless from September 2017 until February 2018. Evidence of Father's pattern of unwillingness or lack of commitment to address parenting issues and to cooperate with services "demonstrates the requisite reasonable probability" that the conditions will not chang. *Matter of G.M.*, 71 N.E.3d 898, 908 (Ind. Ct. App. 2017).

[12]     In addition to his challenge to Finding 6, Father argues the trial court's findings do not support its conclusion there was a reasonable probability the conditions that resulted in Child's removal from his care would not be remedied. However, Father does not contest whether the trial court's findings support its conclusion that the continuation of the parent-child relationship posed a threat to the well-being of Child. DCS does not have to prove both threat to well-being and reasonable probability conditions will not be changed, because Indiana Code section 31-35-2-4(b)(2)(B) is written in the disjunctive, such that DCS must prove only one by clear and convincing evidence. *See* Ind. Code § 31-35-2-4(b)(2)(B) (listing three options and noting DCS has to prove "one"). Because Father does not present an argument challenging the trial court's conclusion the continuation of the parent-child relationship posed a threat to Child's well-being, we may affirm under that portion of the statute and, thus, need not address his argument that the findings do not support a conclusion that the conditions leading to removal will not be remedied. *See In re L.S.*, 717 N.E.2d at 209 (because Ind. Code § 31-35-2-4(b)(2)(B) is written in the

disjunctive, court needs to find only one requirement to terminate parental rights).[2]

# Conclusion

[13] The evidence supported the trial court's Finding regarding the instability of Father's housing and employment. Father did not challenge the court's conclusion that continuation of the parent-child relationship threatened Child's well-being, only that the trial court's findings did not support its conclusion that there was a reasonable probability that the conditions under which Child was removed from his care would not be remedied. As only one of those conclusions is required to termination parental rights, we affirm.

[14] Affirmed.

Baker, J., and Robb, J., concur.

---

[2] Nor does Father challenge any of the trial court's other statutorily-required conclusions.