## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 18 2019, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of Parental Rights of A.R. and M.R. (Minor Children),

S.R. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

April 18, 2019

Court of Appeals Case No.
18A-JT-2673

Appeal from the Cass Circuit Court

The Honorable Leo T. Burns, Judge
The Honorable Stephen R. Kitts, Judge

Trial Court Cause Nos.
09C01-1805-JT-5
09C01-1805-JT-6

**Baker, Judge.**

[1] S.R. (Mother) appeals the termination of her parental rights of her two minor children, A.R. and M.R. She argues that Indiana's burden of proof in termination of parental rights cases violates the Indiana Constitution. Finding no constitutional violation, we affirm.

[2] Mother has two children, A.R., born in 2003, and M.R., born in 2004. After Mother was convicted of several offenses, in 2017, the Department of Child Services (DCS) filed a petition alleging A.R. and M.R. to be Children in Need of Services (CHINS). A hearing took place during which Mother admitted the children were CHINS. In 2018, DCS filed a petition for termination of the parent-child relationship as to both children. Following a fact-finding hearing, the juvenile court entered an order to terminate the parent-child relationship. Mother now appeals.

[3] Mother's sole argument on appeal is that Indiana's burden of proof standard for termination of parental rights is unconstitutional.[1] When we review the constitutionality of an Indiana statute, the statute comes before us afresh, "'clothed with the presumption of constitutionality until clearly overcome by a contrary showing.'" *State v. Buncich*, 51 N.E.3d 136, 141 (Ind. 2016) (quoting *Boehm v. Town of St. John,* 675 N.E.2d 318, 321 (Ind. 1996)). We resolve all doubts in favor of the legislation, and if there are multiple interpretations, we

---

[1] Mother does not challenge the juvenile court's findings of fact; therefore, these unchallenged facts stand as proven. *See In re B.R.*, 875 N.E.2d 369, 373 (Ind. Ct. App. 2007). Likewise, Mother does not challenge the juvenile court's legal conclusions, the result of which is waiver of any argument as to the sufficiency of such findings. *See A.D.S. v. Indiana Dep't of Child Servs.*, 987 N.E.2d 1150, 1156 n.4 (Ind. Ct. App. 2013).

will choose the path that upholds the statute. *Id.* The party seeking to strike down the statute bears the burden of proof, and that burden is particularly heavy where, as here, she challenges the statute on its face: the claimant must show "'no set of circumstances under which the statute can be constitutionally applied.'" *Id.* (quoting *Baldwin v. Reagan*, 715 N.E.2d 332, 337 (Ind. 1999)).

[4] Indiana Code section 31-34-12-2 provides that "a finding in a proceeding to terminate parental rights must be based upon clear and convincing evidence." Mother contends that the "clear and convincing" standard in termination cases is unconstitutional under Article 1, Section 12 of the Indiana Constitution, which provides in relevant part that "[a]ll courts shall be open; and every person, for injury done to him in his person, property, and reputation, shall have remedy by due course of law." She contends that the burden should be "beyond a reasonable doubt" based on possible injuries to reputation that could arise from a termination case.

[5] In *Santosky v. Kramer*, the United States Supreme Court held that, in termination proceedings, a "clear and convincing evidence" standard of proof "adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." 455 U.S. 745, 769 (1982). The Court further held "that determination of the precise burden equal to or greater than that standard is a matter of state law properly left to state legislatures and state courts." *Id.* at 769-70. Following *Santosky*, Indiana adopted the clear and convincing standard as its burden of proof in termination cases. *See Ellis v. Knox Cty. Dep't of Pub. Welfare*, 433 N.E.2d 847 (Ind. Ct. App.

1982).  Our Court has previously found that the clear and convincing burden of proof standard in termination cases does not violate any constitutional rights. *See, e.g.*, *In re Wardship of R.B.*, 615 N.E.2d 494, 497 (Ind. Ct. App. 1993).

[6] Here, Mother argues that because termination of parental rights is among the most damaging injuries that the State can inflict on a person's reputation, termination proceedings should require the highest burden of proof.  Yet "[t]he legislature has wide latitude in defining the existence and scope of a cause of action and in prescribing the available remedy," *KS&E Sports v. Runnels*, 72 N.E.3d 892, 906 (Ind. 2017), and our legislature was within its right to determine the burden of proof in termination cases to be the clear and convincing standard.  Mother has not met her burden to show that this standard of proof for termination proceedings is unconstitutional.

[7] The judgment of the juvenile court is affirmed.

Najam, J., and Robb, J., concur.