## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 06 2019, 10:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark K. Leeman<br>Logansport, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Robert J. Henke<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Termination of the Parent-Child Relationship of S.C.<br><br>K.W. (Mother),<br><br>*Appellant-Respondent,*<br><br>v.<br><br>The Indiana Department of Child Services,<br><br>*Appellee-Petitioner.* | May 6, 2019<br><br>Court of Appeals Case No. 18A-JT-2998<br><br>Appeal from the Cass Circuit Court<br><br>The Honorable Stephen Kitts, Judge<br><br>Trial Court Cause No. 09C01-1807-JT-11 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, K.W. (Mother), appeals the termination of her parental rights to her minor child, S.C. (Child).

We affirm.

# ISSUE

Mother raises one issue on appeal, which we restate as: Whether the "clear and convincing" evidence burden of proof standard in termination of parental rights cases violates the Indiana Constitution.

# FACTS AND PROCEDURAL HISTORY

Mother and R.C. (Father)[1] are the parents of Child, born on October 3, 2013. In early April 2017, the Cass County Office of the Indiana Department of Child Services (DCS) removed the Child from the home she shared with her parents, following allegations of domestic violence between the parents committed in the presence of the Child, Mother's positive drug screen for amphetamine, methamphetamine, marijuana, cocaine, heroin, morphine, and hydrocodone, and Father's positive drug screen for amphetamine, methamphetamine, and marijuana.

---

[1] Father does not appeal the trial court's termination of his parental rights.

[5] On August 16, 2017, the trial court adjudicated Child to be a Child in Need of Services. On July 5, 2018, DCS filed a petition for the involuntary termination of parental rights. On November 14, 2018, following a fact-finding hearing, the trial court entered its Order to terminate the parent-child relationship.

[6] Mother now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[7] Mother's sole argument on appeal focuses on the perceived unconstitutionality of the burden of proof standard in Indiana.[2] Claiming that the termination of a parent's rights to his or her child is among the most damaging injuries the State can inflict on a person's reputation, Mother contends that Indiana should implement proof beyond a reasonable doubt as its standard, instead of the current clear and convincing burden of proof.

[8] In approaching a consideration of the constitutionality of a statute, we must at all times exercise self-restraint. *Sidle v. Majors*, 341 N.E.2d 763, 766 (Ind. 1976), *cert. denied*, 429 U.S. 945 (1976). Otherwise, under the guise of limiting the legislature to its constitutional bounds, we are likely to exceed our own. *Id*. Therefore, when we review the constitutionality of an Indiana statute, the statute "stands before us clothed with the presumption of constitutionality until

---

[2] Because Mother does not challenge the trial court's finding of facts or conclusions thereon, the sufficiency of these stand as proven. *See Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind. 1992) (When factual findings are not directly challenged as clearly erroneous, they must be accepted as correct); *A.D.S. v. Ind. Dep't of Child Servs.*, 987 N.E.2d 1150, 1156 n.4 (legal conclusions not challenged are waived for review).

clearly overcome by a contrary showing." *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind. 1996). We resolve all doubts in favor of the legislature and, if there are two reasonable interpretations of a statute, one which is constitutional and the other not, we will choose that path which permits upholding the statute. *Id*. We will not presume that the legislature violated the constitution unless such is required by the unambiguous language of the statute. *Id.*

[9]     Indiana Code section 31-34-12-2 provides that "a finding in a proceeding to terminate parental rights must be based upon clear and convincing evidence." Mother contends that this standard is unconstitutional under Article 1, Section 12 of the Indiana Constitution, which provides in relevant part that "[a]ll courts shall be open; and every person, for injury done to him in his person, property, and reputation, shall have remedy by due course of law." She contends that the burden should be "beyond a reasonable doubt" based on a possible injury to reputation that could arise from a termination case as "the loss of reputation . . . to an honorable man is dearer than life itself." (Appellant's Br. p. 13) (*citing* Comment of Delegate Phineas Kent, *in* 2 Report of the Debates and Proceedings of the Convention for the Revision of the Constitution of the State of Indiana, 1373).

[10]    In *Santosky v. Kramer*, 455 U.S. 745, 769 (1982), the United States Supreme Court held that, in termination proceedings, a "clear and convincing" standard of proof "adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." The Court held

that "determination of the precise burden equal to or greater than that standard is a matter of state law properly left to state legislatures and state courts." *Id*. at 769-70. In response to *Santosky*, Indiana adopted the clear and convincing standard as its burden of proof in termination proceedings. *See Ellis v. Knox Cty. Dep't of Pub. Welfare*, 433 N.E.2d 847 (Ind. Ct. App. 1982). We have previously addressed the constitutionality of this burden of proof in favor of upholding the statute. *See, e.g., Castro v. State Office of Family & Children*, 842 N.E.2d 367, 377 (Ind. Ct. App. 2006) ("Our General Assembly has adopted the clear and convincing standard for termination cases, the Indiana Supreme Court has consistently applied it, and the United States Supreme Court has held that such a standard satisfies the requirements of due process"). Accordingly, as our legislature was within its right to establish the burden of proof in termination cases to be the clear and convincing standard, we find that Mother's argument fails.

## CONCLUSION

[11] Based on the foregoing, we hold that the "clear and convincing" evidence burden of proof standard in termination of parental rights cases does not violate the Indiana Constitution.

[12] Affirmed.

[13] Bailey, J. and Pyle, J. concur