# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2019, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of A.W. (Child Alleged to be in Need of Services) and J.F. (Mother) and J.W. (Father);

J.F. (Mother)[1] and J.W. (Father)

*Appellants-Respondents,*

v.

The Indiana Department of Child Services,

May 21, 2019

Court of Appeals Case No. 18A-JC-2885

Appeal from the Huntington Superior Court

The Honorable Jennifer E. Newton, Judge

Trial Court Cause No. 35D01-1605-JC-6

---

[1] Mother does not participate in this appeal but is a party of record.

*Appellee-Petitioner*

**May, Judge.**

J.W. ("Father") appeals the dismissal of the Department of Child Services' ("DCS") petition to declare A.W. ("Child") a Child in Need of Services ("CHINS") and the release of Child into the care of J.F. ("Mother"). Father argues the trial court abused its discretion when it denied (1) his pre-hearing motion for transport and (2) his verbal motion at the hearing to appear telephonically. We affirm.

## Facts and Procedural History

Child was born April 27, 2010. On May 12, 2016, DCS filed a petition alleging Child was a CHINS based on Father's use of a taser on Child's buttocks and hand. DCS removed Child from Father's care and placed her in foster care, as Mother's whereabouts were unknown. On June 28, 2016, the trial court granted DCS's motion to place Child with Mother, who by that time had been located and deemed appropriate for placement.

On October 14, 2016, DCS amended its CHINS petition to include allegations that the State had charged Father with battery with a deadly weapon and that the trial court in that matter had issued a no contact order between Father and Child. On November 29, 2016, the trial court removed Child from Mother's

care based on allegations of physical abuse, housing instability, and non-compliance with recommended therapy. Child was placed in relative placement. The physical abuse allegations against Mother were subsequently found to be unsubstantiated.

[4] On March 8, 2018, the trial court transferred the case to Huntington Superior Court after the Circuit Court judge recused himself because he had previously served as prosecutor on some of Father's criminal matters. In the interim, Father was convicted of offenses involving Child, including child molestation and battery, and sentenced to a term of incarceration with an earliest possible release date in 2069. On September 27, 2018, Mother filed a petition to change custody in an underlying paternity case[2] involving Child.

[5] On October 29, 2018, Father filed a motion to transport requesting that he be transported in lieu of telephonic participation to the hearing on Mother's change of custody petition. The trial court denied that motion. Father filed another motion to transport on October 31, 2018, which the trial court also denied. On November 2, 2018, Father filed pro se a response to Mother's request for a change in custody and filed an additional motion to transport.

[6] On November 13, 2018, DCS filed a motion for permanency that supported Mother's petition for change of custody in the paternity case. On November 14, 2018, the trial court held a review hearing on Mother's request for change of

---

[2] At some point in the proceedings, the paternity action and the CHINS actions were consolidated.

custody and permanency in the CHINS matter. Father's counsel appeared and requested that Father be permitted to attend the hearing telephonically. The trial court denied his request, as he had not submitted a written motion as required by the trial court. Father's counsel requested a continuance, which was also denied. The trial court held the hearing in Father's absence but permitted Father's counsel to present evidence and cross-examine witnesses.

[7]     On November 29, the trial court ordered:

> 1. Permanency for the Child has been achieved through an approved permanency plan of Custody to Non-custodial Parent through Mother's motion to change custody in the paternity case.
>
> 2. Mother has built her relationship with the [C]hild and is currently having overnight visitation with the [C]hild. Mother participates in the [C]hild's therapy and in her own therapy.
>
> 3. Father has been convicted of child molestation and child abuse. While the criminal case is under appeal, Father is nonetheless convicted and not is [sic] a position to care for the [C]hild.
>
> 4. The [C]hild is currently placed with relatives in Lake County where Mother lives and such placement is willing to be a support for the [C]hild and Mother.
>
> 5. Jurisdiction in this matter is hereby terminated without prejudice and this cause of action is ordered closed. Any hearings currently scheduled in this matter are hereby vacated.

(Appealed Order at 1.)

# Discussion and Decision

[8]     Father argues the trial court violated his due process rights when it denied his counsel's verbal request to allow Father to appear telephonically and denied his motion for continuance to allow Father to appear in person or telephonically. It is well-settled, and Father acknowledges, that incarcerated parents have "no absolute right to be physically present" at a CHINS proceeding. *In re Involuntary Termination of Parents Rights of S.P.H.*, 806 N.E.2d 874, 878 (Ind. Ct. App. 2004). "[T]he decision whether to permit an incarcerated person to attend such a hearing rests within the sound discretion of the trial court." *Id.* Incarcerated individuals involved in civil proceedings are able to appear by telephone, web-camera, or counsel. *Hill v. Duckworth*, 679 N.E.2d 938, 940 n.1 (Ind. Ct. App. 1997).

[9]     The decision to grant or deny a continuance rests within the sound discretion of the juvenile court. *Rowlett v. Vanderburgh Cty. Office of Family & Children*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), *trans. denied*. We will reverse the trial court's decision only for an abuse of that discretion. *Id.* An abuse of discretion occurs when the party requesting the motion for continuance has shown good cause for granting the motion and the juvenile court denies it. *Id.* No abuse of discretion will be found when the moving party is not prejudiced by the denial of its motion. *Id.*

[10]    Here, the trial court denied Father's multiple requests to be physically present at the hearing regarding Mother's petition for custody of Child and DCS's motion

for permanency.  During the November 14 hearing, the following exchange occurred between the trial court and Father's counsel:

> [Father's Counsel]: My-my client, I on his behalf and him on his own behalf had previously filed a Motion to Transport which was - both were denied.  Uh, it was our understanding that he was gong to participate by telephone in this normal, uh, process for the parents, if that are incarcerated at DOC, to participate by telephone. . . .

> [Trial Court]: Was there a Motion to Participate by Tel- Telephone?

> [Father's Counsel]: No, Your Honor, its just standard-it-it-it-it's just standard process in these CHINS cases that typically DCS arranges for the-the parent to participate by telephone.  I know that [Father] has expressed adamant obj-objections, uh, to the ultimate issues, uh, or involving today's hearing that the change of placement custody with this child.  I think it's important for him to be able to get on record, uh, what those objections are and his thoughts and position on those particular issues in both matters.

> [Trial Court]: . . . Um, I-I don't know what typically in other cases, um, standard procedure.  If I don't have a request for a Telephonic Hearing, I don't normally have a telephone hearing unless there's a request for one.

(Tr. Vol. II at 5) (errors in original).  Father's counsel then asked for a continuance so Father could be present or appear telephonically, and the trial court denied that request.

On appeal, Father argues, "the customary procedure was for court staff (or DCS) to arrange for telephonic participation from [sic] incarcerated parents. For the Huntington County Superior Court, this trial court did not follow this particular custom." (Br. of Appellant at 13) (errors in original). However, Father has not provided authority to support his claim that such a "custom" exists, and thus his issue is waived for failure to make a cogent argument. *See* Indiana Appellate Rule 46(A)(8)(a) (appellate argument must be supported by relevant authority); *and see In re A.G.*, 6 N.E.3d 952, 957 (Ind. Ct. App. 2014) (failure to cite authority results in lack of cogent argument prompting waiver).

Waiver notwithstanding, Father was not prejudiced by the trial court's denial of his motion to continue – the CHINS petition was dismissed, leaving intact Father's parenting rights to Child, and custody of Child could not continue in Father as, at the time of the hearing, Father was incarcerated for crimes committed against Child and was not scheduled for release for over thirty years. Mother demonstrated her ability to provide for and parent Child to the satisfaction of DCS, and Father has not demonstrated any error occurred therein. *See Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind. 1992) (unchallenged findings "must be accepted as correct"). Finally, Father's counsel was present at the hearing and was able to provide argument and cross examine witnesses, which we have long held protects a parent's due process rights in a CHINS proceeding. *See In re E.E.*, 853 N.E.2d 1037, 1044 (Ind. Ct. App. 2006) (parental due process rights not violated when parent is represented throughout

the proceedings by counsel and counsel attends hearing and has opportunity to cross-examine witnesses and offer argument), *trans. denied*.

# Conclusion

[13] Father has waived his arguments regarding the denial of his request to appear telephonically and his motion to continue for failure to make a cogent argument. Waiver notwithstanding, the trial court's decision neither prejudiced Father nor violated his due process rights. Accordingly, we affirm.

[14] Affirmed.

Mathias, J., and Brown, J., concur.